MOORE *et al. v.* RIPLEY, receiver.

1. When a petition filed against a number of the stockholders of a bank alleges that such bank is insolvent, has no funds or assets to pay either creditors or depositors, that about the sum of seventy-five thousand dollars is due to depositors, that in order to pay the same it will be necessary for each stockholder to be assessed the full amount of his statutory lia-

bility, and that under the terms of its charter each stockholder is individually liable for the ultimate payment of the debts of the corporation to an amount equal to the amount of stock held by him, makes the persons named as stockholders defendants to the action, and prays judgment against each of them for the amount of their statutory liability, such petition, in the absence of a special demurrer specifically pointing out the want of definite allegations as to the actual indebtedness of the bank, the names of its creditors, and the amounts due them respectively, and the failure of the petition to pray for a judgment for a specific sum against each of the defendants, will be held to set forth in substance a cause of action against the defendants.

2. Where an act incorporating a bank provides that each stockholder shall be individually liable for the ultimate payment of the debts of said corporation to an amount equal to the amount of stock held by him, such liability, since the passage of the act of 1894, may be enforced by the receiver of an insolvent corporation, notwithstanding the act was passed subsequently to the act of incorporation which fixed the liability. The provision of the subsequent act that such liability shall be considered as an asset of the bank and enforced by the receiver, is remedial in its nature, does not affect any vested right of the creditor, and is applicable in this case.

3. When a banking corporation has been shown to be insolvent, and its assets placed in the hands of a receiver, and in pursuance of an order of court the receiver undertakes to collect by suit the liabilty of the stockholders for the payment of the debts of the bank as fixed by the statute, all of the stockholders so liable may be joined as defendants in one action.

4. In such a suit it is not necessary that the bank as a corporation shall be made a party defendant.

5. Courts of law have jurisdiction, on proper petition supported by proof, to render a judgment in such a case.

Argued December 12, 13, 1898. — Decided March 4, 1899.

Complaint. Before Judge Lumpkin. Fulton superior court. February 24, 1898.

*Jeremiah A. Clarke, Alexander & Lambdin, Brandon & Arkwright* and *E. W. Martin,* for plaintiffs in error.
*Anderson, Felder & Davis,* contra.

LITTLE, J. The questions which arise in this case are made by the exception to the ruling of the court below in overruling a demurrer to the petition.

1. The demurrer alleges that the liability of the defendants is not plainly, fully, and distinctly set forth in the petition; that the receiver has no legal authority to institute suit, because the liability of the defendants is purely statutory and di-

rect to the creditors; that there is no community of interest between the defendants which would authorize a joint suit against them; that the receiver has no such common cause against the defendants as authorizes a joint action; that the corporation is not made a party defendant; that there is no sufficient statement of the resources and liabilities of the bank, nor of the entire or net amount of debts due by it, nor of the nature and character of such debts; that the action is not cognizable by courts of law, but can only be maintained in a court of equity. The demurrer was amended, but for the purposes of this decision it is not necessary here to set out the amendment. The petition makes an ordinary suit at law, and while a judgment is prayed against each of the defendants, the amount for which such judgment is sought is not alleged otherwise than by a prayer for judgment against each for the full amount of his statutory liability. A casual reading of the petition shows that it is exceedingly defective, and even under the liberal rules of pleading in force in this State, it can barely be maintained against the interposition of a general demurrer. Accepting all the allegations of the petition as true, the several liability of the defendants must vary in amount according to the number of shares of stock held by each. By the act of incorporation, each stockholder is made individually liable for the ultimate payment of the debts of the corporation to an amount equal to the amount of stock held by him. It becomes a material question, therefore, to ascertain, in order to fix the liability of the stockholders, what is the indebtedness of the bank. The petition nowhere sets out the amount of such indebtedness. It does allege that the bank is insolvent and has no funds or assets to pay either creditors or depositors, and that it is necessary for the receiver to collect from the stockholders the amount of their statutory liability to pay off the indebtedness of the bank. It also alleges that the bank is due its depositors *about* seventy-five thousand dollars, and in order to pay the same it is necessary for each stockholder to be assessed the full amount of his statutory liability. The allegations that the bank is insolvent and has no assets, and that the amount due depositors is about seventy-five thousand dollars,

are so general in their nature that, in order to ascertain the liability of any one of the defendants, it is necessary that a calculation should be made, nor could any calculation be certain in its results without assuming the indebtedness to be of a particular amount. It is the requirement of our code that the petition shall plainly and distinctly set forth the plaintiff's cause of action, and in an ordinary case at common law it is necessary that the plaintiff should name a sum for which he prays judgment. The demurrer filed to the petition, so far as it relates to the matters now in hand, can only be held to be general. It does not specifically set out any defect or want of necessary allegation. When offered as a special demurrer, it will be found to be very vague and uncertain. So that, in dealing with it, we can only treat it as general, and so treating it, we find that the petition alleges the insolvency of the bank, that it has no assets to pay its creditors, that it is due to one class of its creditors seventy-five thousand dollars, and in order to pay this amount it is necessary that each stockholder shall pay the full amount of his statutory liability. The statutory liability is fixed by the charter; the number of shares at their par value furnishes a basis from which such liability can be ascertained; and when a judgment is prayed against each stockholder, it will be held that the prayer is for the entire liability. Evidently the pleader proceeded on the maxim that *id certum est quod certum reddi potest.* One difficulty in the application of that maxim, however, is, that the necessary fact of the indebtedness of the bank is alleged to be *about* a given sum. This uncertainty, however, is relieved by the further allegation that the bank is insolvent and has no funds or assets to pay creditors. Considering all the allegations, we must hold that the petition, in the absence of a demurrer specially directed to and specifying the defects therein, is good in substance.

2. The point is also made by the demurrer, that as the liability set out in the petition is purely statutory, the right of action is directly in the creditors, and the receiver had no right to institute the action. The act incorporating the State Savings Association, which fixes the liability of its stockholders, does so in the following language: "Each stockholder shall

be individually liable for the ultimate payment of the debts of said corporation to an amount equal to the amount of stock held by him." Acts 1888, p. 82, sec. 5. The statute is silent as to who shall have the right to enforce this liability, in words. It simply fixes the liability. In a number of the States, the statute on this subject goes further and prescribes in terms that the creditors have the right to enforce it for their benefit. It suffices us, however, to observe that our statute prescribes the liability, which is for the ultimate payment of the debts of the corporation in proportion to the number of shares held; and while we are not prepared to say that a single creditor or a number of creditors of the bank could not, under this, maintain an action against a stockholder who is liable, at the same time we know of no reason why a receiver of the corporation, charged with the duty of collecting whatever assets properly belong to the corporation which are liable for the payment of its debts, might not in equity, under this statute, seek and have a decree against all such stockholders for the benefit of all the creditors, inasmuch as the court has taken possession of the estate of the corporation on the application, and for the benefit, of its creditors, and the receiver is but the active officer of the court to collect the assets and apply their proceeds to the extinguishment of the debts due by the corporation. True, the liability fixed by the act of incorporation is not to the corporation itself, but to its creditors; and while all the property of the corporation, including debts due to it, is a fund which goes into the hands of the receiver for the benefit of the creditors, and if, as is true, the liability of the stockholders can only be applied to the extinguishment of debts, and it exists in favor of the creditors, it would seem to be in consonance with equity practice to gather in all the funds made available by law for payment of the creditors and then complete the whole matter by distribution. But, however this may be, our Civil Code, § 1890, provides that this individual liability is an asset of the corporation and shall be enforced by the receiver or other officer having the legal right to collect and distribute the assets of the failed corporation. The provisions of this statute seem to settle the question. They are codified from the act of

1894. Acts 1894, p. 76. It is, however, objected that inasmuch as this act was passed subsequently to the act incorporating the bank, in which latter act the liability of stockholders is fixed, to apply it in this case would give to the act of 1894 a retroactive application. This contention is not sound. The act of 1888 created a liability on the part of stockholders for the ultimate payment of the debts of the corporation to an amount equal to the amount of stock held by each, and to apply the act of 1894 would not be in any way to increase or change the liability fixed by the act of incorporation. The vested right given to the creditors of the bank by the latter act was to hold the stockholder liable for his debt in the proportion named. This is not taken away nor affected by the act of 1894, but that act recognizes the same liability and simply declares a remedy or means of enforcement of the right given. While the act declares the liability to be an asset of the bank, it does so in the sense of providing for the enforcement of the right previously given, and for the purpose of distributing the proceeds arising from the liability among the persons entitled to it by the act of incorporation. It must, therefore, be a remedial act, and as such has direct application in this case. By its provisions no injustice is worked to the creditor, nor are any of the rights of that class lessened. It is provided by our Civil Code, § 6, that laws looking to the remedy or mode of trial may apply to contracts entered into prior to their passage. Such a construction does not contravene the provisions of our constitution. Civil Code, § 5731, Sedgwick on Construction of Statutes, 160; *Pritchard* v. *Savannah R. Co.*, 87 *Ga.* 294. It is our conclusion, therefore, that, if authorized by the court, the receiver had the legal right to institute an action against the stockholders to enforce this fixed liability for the benefit of creditors. We conclude also, from an inspection of the order, that the receiver was authorized to bring such suits. If it were a question of doubt, the receiver having so construed the order and the court having subsequently ratified his action, the ratification would be the equivalent of an original order allowing suit to be brought.

3. Another objection to the petition, which is raised by de-

murrer, is, that there is not such a community of interest between the named defendants as authorizes a joint action to be brought against them. We think this question has been settled by the decision in the case of *Brobston* v. *Downing*, 95 *Ga.* 505. It is true that the action filed there was an equitable petition, but the point was made by special demurrer that there was no such community of interest between the defendants as entitled the plaintiff to maintain the joint action. The petition was filed to enforce the statutory liability of stockholders, as here, and the court ruled in that case, "Where the corporation is insolvent and has no assets applicable to the payment of its unsecured creditors, one or more of these creditors may bring suit . . against all of the stockholders to enforce their statutory liability," etc. The question has been decided differently in the courts of several of the different States. In some it is regulated by statute. In New York the action may be maintained against all the stockholders. 50 N. Y. 568. In Ohio, under a statute founded on prior decisions of the courts of that State, the same ruling has been made. 17 Ohio St. 113. In Missouri it has been held that it is not a joint liability. 55 Mo. 418. The basis of the ruling that all the stockholders may be joined in the same suit, in the absence of a statute, is clearly stated by the Court of Appeals of New York in the case of *Corning* v. McCullough, which is reported in the 49 Am. Dec. 287, where the court says, "Individual liability of a stockholder under a charter which declares stockholders personally liable for debts contracted by the corporation, is not a new liability created by the act, but is a preservation of the common-law liability which members would incur as partners, for the engagements of the corporation, were it not incorporated." See also 3 Conn. 52; 6 Wend. 335; 46 N. H. 371; 6 R. I. 154.

4. It has been further urged that this action can not be maintained, because the bank is a necessary party defendant and has not been made such. The allegation is made by the petition that the bank is entirely insolvent and has no assets, and the suit is brought for the one purpose of enforcing the personal liability of the stockholders named as defendants. Why, then, should the insolvent corporation whose assets have been placed

in the hands of the receiver, the plaintiff in the case, be a necessary party to the proceedings? No judgment is sought against the corporation. The original liability was for the immediate benefit of creditors, and by the recovery the corporation would be benefited. If it be said that the bank should be a party because it is the debts of the corporation which are to be paid, the reply is that such corporation exists only in name. In fact its assets have all been taken in charge by the court for the benefit of its creditors, and the court is proceeding to gather up its assets for the benefit of the creditors, and, incidentally of course, for the benefit of the corporation. The creditors would be required to establish their claims before they participated in the proceeds arising from the assets of the bank. In the case of Mickels v. Rochester City Bank, 11 Paige, 126, it was ruled that in such a case the corporation need not be made a party. Further, by the act of 1894 (Civil Code, § 1890), which is above cited, this liability of stockholders is placed among the assets of the insolvent corporation, and it is declared that the receiver is the proper person to sue and enforce the liability, thus making that officer the statutory plaintiff. We know of no reason why there should be any other defendant than those liable under the provisions of the statute. The receiver represents all the parties at interest; he represents the bank as well as all the creditors; and while it might not constitute a misjoinder for the bank to be made a party in an equitable proceeding where all the parties are brought into court and an account had and decrees for contribution and distribution made, there is no necessity, in an action at law brought by the receiver to recover the amount due under the statutory liability of the defendants, to make the corporation a party defendant.

5. Another of the grounds urged by the demurrer is, that a suit of this character is not cognizable by courts of law. We can not sustain this position. Courts of law, in this State, administer equitable relief when it is so prayed and the facts warrant such action. It may, under the pleadings in the present case, be difficult for the plaintiff to make such exact and specific allegations as to the indebtedness of the bank, and the value

of its assets, as to show the liability of the stockholders under the act of incorporation, without a resort to an equitable petition and prayers for equitable relief, so as to apply the principles of equity and equity practice in the settlement of the liability of the defendants. But, because he has not done so, we are not compelled to say that the suit has not been properly brought on the common-law side of the court. The difficulties which attend the allegation and proof of such facts as show the liability of each of the stockholders against whom judgment is prayed, do not afford a bar to the rendition of such judgment when a proper petition is supported by proper proof.

*Judgment affirmed. All the Justices concurring.*