*Dodd & Dodd* and *Slaton & Phillips,* for defendant.

---

## RIGBERS *et al. v.* HATHCOCK, receiver.

The liability ·of persons who organize a corporation and transact business in its name, before the minimum capital stock has been subscribed for, is to creditors, and is not an asset of the corporation; and under the ruling in the case of *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13), the receiver of the corporation could not maintain a suit against persons falling within the provisions of § 2220 of the Civil Code, to collect from them, as an asset of the corporation, an amount necessary to pay the outstanding debts of the corporation.
APRIL 13, 1912.

Complaint. Before Judge Pendleton. Fulton superior court. June 21, 1911.

*George Gordon,* for plaintiffs in error.

*W. S. Dillon* and *Anderson, Felder, Rountree & Wilson,* contra.

BECK, J. A petition was brought in the name of T. O. Hathcock, as the duly appointed receiver of Rigbers Ice Cream Company, alleged to be a corporation, against four named defendants, alleged in the petition to be the persons who organized and transacted business in the name of said corporation. It·is alleged in the petition that while said corporation was organized with a minimum capital stock of $20,000, none of said stock was subscribed and not exceeding $1,000 was paid in by said defendants with which to carry on business; but that said defendants, doing business as a corporation, transacted business and incurred debts to the amount of more than $1,300, due to several named creditors; that said

creditors dealt with defendants as representatives of a properly and legally organized corporation having a minimum capital stock of $20,000; and that upon petition of all the creditors the superior court had appointed said Hathcock as receiver. Petitioner seeks to recover from defendants an amount equal to the indebtedness to creditors, and $1,000 as reasonable fees for the receiver and his attorneys. The defendants demurred to the petition generally, and the demurrer was overruled.

Under the ruling made in the case of *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13), the general demurrer to the petition in this case should have been sustained. The receiver was but the active officer of the corporation to collect the assets and administer them for the benefit of the creditors of the corporation. "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." Civil Code, § 2220. The liability imposed by this code section is to the creditors directly, and is not an asset of the corporation which can be collected and administered by a receiver of the corporation. It will be seen that we differ with the Court of Appeals in regard to this question, as decided in the case of *Walters* v. *Porter,* 3 *Ga. App.* 73 (59 S. E. 452). The ruling there made upon the question which is common to that case and the instant case was based upon the decision in the case of *Moore* v. *Ripley,* 106 *Ga.* 557 (32 S. E. 647), where it was held: "When a banking corporation has been shown to be insolvent, and its assets placed in the hands of a receiver, and in pursuance of an order of the court the receiver undertakes to collect by suit the liability of the stockholders for the payment of the debts of the bank as fixed by the statute, all of the stockholders so liable may be joined as defendants in one action." The writer of the opinion through whom the court spoke in the case of *Walters.* v. *Porter,* supra, apparently overlooked the difference between the case which he had in hand and the case upon which he relied, that is, *Moore* v. *Ripley,* supra; for in the case last cited the Supreme Court was dealing with the right of a receiver of a corporation to recover in a suit against a stockholder; and while this court pointed out that the liability fixed by the act of incorporation was in that case to the creditors and not to the corporation, it also distinctly pointed

out the fact that the liability of the stockholder in that case was an asset of the corporation, and under the provisions of § 1890 of the Code of 1895 (§ 2249 of the Code of 1910) that liability was one "to be enforced by the assignee, receiver, or other officer having the right to collect, marshal, and distribute the assets of such failed corporation." There the receiver was clearly vested by statutory provisions with the right to proceed against the stockholder upon his individual liability. While the liability in that case may have been to the creditors of the corporation, it is declared by the statute to be an asset of the corporation, and by statute the receiver had the right to proceed. In the case at bar there is no statute declaring that the liability of the persons who organize the corporation and transact business in its name before the minimum capital stock is subscribed for shall be an asset of the corporation, but their liability, under the statute, is declared to be one to creditors. It would seem that creditors alone can proceed to enforce this liability, and such in substance is the rule laid down in the case of *John V. Farwell Co.* v. *Jackson Stores,* supra, where it is said: "Where the corporation had been adjudged a bankrupt and proceedings in bankruptcy were pending, the right of action referred to in the preceding note was not in the trustee in bankruptcy. Bankruptcy act July 1, 1898, c. 541. § 70 (a), 30 Stat. 565 (1 Fed. Stat. Ann. 697, U. S. Comp. St. 1901, p. 3451). The liability imposed by the statute constituted no part of the assets of the corporation. See *Lane* v. *Morris,* 8 *Ga.* 468 (7); In re Crystal Bottling Co., 3 Am. B. R. 194 (96 Fed. 945); In re Beachy Co., 22 Am. B. R. 538 (170 Fed. 825); In re Jassoy Co., 23 Am. B. R. 622 (178 Fed. 515, 101 C. C. A. 641). Section 2249 of the Civil Code, making the individual liability of a stockholder under the charter of the corporation an asset of such corporation, applies to those who have subscribed for stock, and not to the liability prescribed by section 2220, which is a liability to creditors imposed upon organizers of a company who transact business in its name, whether they be actual stockholders or not. This distinction is recognized in *Commercial Bank* v. *Warthen,* 119 *Ga.* 990, 994 (47 S. E. 536), in commenting on the case of Dutcher *v.* Marine Bank, 12 Blatch. 435 (Fed. Cas. No. 4203)." The ruling there made seems sound; at any rate we are bound by it.

*Judgment reversed. All the Justices concur.*