## WRIGHT *et al. v.* EHRLICH & COMPANY.

1. Where one conveys his property to another under circumstances which render the conveyance void, and shortly thereafter is adjudicated a bankrupt, the right to have the property referred to brought to sale as a part of the assets of the bankrupt's estate is in the trustee in bankruptcy; and individual creditors can not maintain a suit to have the void conveyance canceled and the property brought to sale to satisfy their demands, without showing that they have moved in the bankruptcy court to have the trustee proceed against the property or that he has refused to take steps to subject the property and administer the same as a part of the bankrupt's estate.

2. Applying this ruling to the facts of this case, it was error to refuse to dismiss the plaintiff's petition.

FEBRUARY 13, 1917.

Equitable petition.   Before Judge Cox.   Decatur superior court. November 12, 1915.

H. B. Ehrlich & Company brought their action against C. C. Wright and Mrs. Susan Wright.   The material portions of the petition are as follows:   C. C. Wright is indebted to petitioners in the sum of $785.20, besides interest.   In the year 1910 C. C. Wright was the owner of a certain described tract of land, and on July 1st of that year he did execute to Mrs. Susan Wright, his mother, a warranty deed to this land and this was subsequent to the creation of the debt to petitioners.   While said deed purports to have been made in consideration of the sum of $2,000, in fact there was no consideration for it other than natural love and affection.   At the date of the execution of the deed Wright was insolvent and is now insolvent; this fact was known to the grantee; and the deed was in pursuance of a conspiracy between C. C. Wright and his mother, for the purpose of hindering and delaying and defrauding the creditors of C. C. Wright.   On November 28, 1910, C. C. Wright filed a voluntary petition in bankruptcy, and on December 1, 1910, he was duly adjudicated a bankrupt.   He did not put the land referred to in the schedule of his assets.   His personal property scheduled was of the value of $450, which he

claimed under an exemption. The indebtedness scheduled by the bankrupt was about $5,000. He has never procured a discharge from the bankruptcy court, and the statute of limitations is now a bar to his right to a discharge. Petitioners have never proved their claim in the bankruptcy court, nor participated in the bankruptcy proceedings in any way. In September, 1914, petitioners sued out an attachment returnable to the November term, 1914, of the superior court, for the purpose of collecting their debt against Wright, which attachment was levied on the land described. C. C. Wright was in possession of the plantation referred to on the day of the execution of the deed to his mother, and has since continued in possession and control of said premises, renting the land to tenants and collecting the rents exclusively for his own use. Petitioners pray, that the deed from C. C. Wright to Mrs. Susan Wright be delivered up and canceled as null and void; that the defendants be enjoined from disposing of the property; for the appointment of a receiver; for judgment against the land levied on under the attachment; that the land be sold to satisfy petitioners' demand; and for general relief.

When the case was called for a hearing the defendants moved orally to dismiss the petition, "upon the ground that the same failed to set out any cause of action, and upon the further ground that the declaration showed on its face that the plaintiffs had no right in law to proceed in this cause of action against the defendants for the relief sought in the petition." The court overruled this motion, and the defendants excepted.

*R. G. Hartsfield* and *T. S. Hawes*, for plaintiffs in error.

*Harrell & Wilson* and *Will H. Krause*, contra.

BECK, J. (After stating the facts.) We are of the opinion that the court erred in overruling the motion to dismiss the petition. The contention of the plaintiffs in error, as made by them in their motion to dismiss, is sound. They contend (and the defendants in error do not take issue with them upon this contention) that the deed from C. C. Wright to his mother, under the facts alleged, was void or voidable; if the deed was void, title to the land vested in the trustee in bankruptcy; if voidable, the right to have it declared void was in the trustee in bankruptcy; and the trustee alone had the right in the first instance to proceed against the property. Treating the deed of C. C. Wright to his mother as

26

void, as it must be held to be under the allegations of the petition, title to the property of the bankrupt was vested, as we have just said, in the trustee in bankruptcy. Collier on Bankruptcy (10th ed.), 992; *Beasley* v. *Smith,* 144 *Ga.* 377 (87 S. E. 293). And the right to move to have the deed declared void, and to convert the property into assets of the bankrupt's estate, is the right and duty of the trustee in bankruptcy. If the trustee in bankruptcy, after knowledge of the facts showing that the property in question is a part of the assets of the bankrupt to be administered, should take no steps to set aside the deed, or should refuse to proceed to set aside the deed and to take possession of the property, thus leaving the bankrupt in the possession and enjoyment of the same, these creditors, petitioners, might take steps in the bankruptcy court to have the trustee proceed to subject the property, or they might, upon showing that he failed and refused to proceed, themselves move to bring the property to sale; but until it is shown that the trustee in bankruptcy fails or refuses to move in the premises, creditors can not, by direct proceedings against the debtor and his property, subject the property to their individual claims. It was therefore error for the court to overrule the motion to dismiss, thereby adjudging that the creditors, the defendants in error, had the right to maintain their action.

*Judgment reversed. All the Justices concur.*