## HALL HARDWARE COMPANY *v.* LADSON BRICK AND TILE COMPANY *et al.; et vice versa.*

1. Where the officers, directors, or sole managers of an insolvent corporation obtain a preference or advantage by acquiring the entire assets in extinguishment of a demand against it of a partnership of which they are members, the right of action to recover such assets for the benefit of its creditors, after the corporation has been adjudged a bankrupt, is in the trustee of the bankrupt, and not in a creditor who sues for himself and all other creditors of the corporation.

2. Before a creditor can maintain such an action he must allege that no trustee has been appointed or qualified, or that, if one has been appointed, he has been discharged; the petition disclosing that the insolvent corporation was adjudged a bankrupt prior to the time at which it was filed.

3. This renders it unnecessary to pass upon the assignments of error contained in the cross-bill of exceptions.

Nos. 4753, 4782. APRIL 18, 1925.

Equitable petition. Before Judge W. E. Thomas. Colquitt superior court. January 21, 1925.

*John T. Coyle, James L. Dowling,* and *J. H. Cheney,* for plaintiff.

*Kline & Moore* and *Hill & Gibson,* for defendants.

HINES, J. The Hall Hardware Company, on July 1, 1924, brought suit against the Ladson Brick & Tile Company, a corporation, J. E. Ladson, G. L. Doster, and J. E. Cliatt, the Ladson Lumber Company, a partnership composed of said Ladson, Doster, and

Cliatt, and the Ladson Lumber Company, a corporation, to recover from the Ladson Brick & Tile Company an indebtedness due by it to petitioner, and to have the other defendants disclose and account for whatever portion of the merchandise sold and delivered by petitioner to the Ladson Brick & Tile Company had been taken over and applied by the defendants to their private use, on the ground that the defendants Ladson and Doster were the sole officers and exclusive managers of the affairs and assets of said Ladson Brick & Tile Company, that they were members of said partnership of Ladson Lumber Company and its principal owners, that Ladson and Doster, acting for themselves and in behalf of said Ladson Lumber Company, a partnership, transferred and assigned to said partnership all the assets of said Ladson Brick & Tile Company, amounting in value to $20,000 or more, in liquidation and extinguishment, as they assert, of some claim of indebtedness due by the Ladson Brick & Tile Company to said partnership, and that at the time of said transfer and assignment of said assets the Ladson Brick & Tile Company was insolvent, it having been adjudged a bankrupt in 1922.  It was further alleged by petitioner, that a portion of the goods sold by it to the Ladson Brick & Tile Company was never used or consumed by the Ladson Brick & Tile Company, and did not become a part of the assets of said corporation, but the same was taken over and applied by Ladson and Doster and said partnership and used by said defendants in operating their private enterprises; that it is impossible for petitioner to ascertain the amount of said goods taken over and applied by said defendants to their private uses, because such information is peculiarly within the knowledge of said defendants; and petitioner will be unable to obtain said information unless the court directs an accounting and requires the defendants to disclose the sum under oath.  Petitioner further alleged that a large portion of the goods sold by others to the corporation, and who are now its creditors, was taken over by said defendants and used by them in their private enterprises; that such conduct on the part of the officers of said corporation contributed in large part to its present insolvent condition; and if said individual defendants had not transferred and assigned the remaining assets of said corporation to said partnership, the assets of said corporation would be available to be applied to the full satisfaction of such judgments

as petitioner and other creditors of said corporation might obtain.

Petitioner further alleged that the transfer and assignment of the assets of said Ladson Brick & Tile Company to said partnership was without formal corporate action and without the knowledge and consent of the shareholders of said corporation, and that the same was unauthorized by law and operated to make Ladson and Doster and said partnership trustees of the assets of said corporation for the benefit of petitioner and the other creditors thereof; and that the defendants now hold the assets thus assigned and transferred and converted, for the benefit of petitioner and the other creditors of said corporation, for which reason the defendants are bound to account to petitioner out of the assets of said corporation for the amount of money due petitioner by said corporation. It was further alleged that in January, 1924, Ladson, Doster, and Cliatt procured the Ladson Lumber Company to be incorporated in Colquitt superior court, with a capital stock of $100,000, all of which, it was alleged in the application for charter, had been paid in; that all of the assets of the partnership of Ladson Lumber Company were taken over by said corporation, including the assets transferred from the Ladson Brick & Tile Company to said partnership; that Ladson, Doster, and Cliatt became the sole shareholders and officers of the corporation of Ladson Lumber Company; and that the transfer and assignment of the property of the partnership to the corporation was with full knowledge by all the shareholders of the acts and conduct of the officers of the Ladson Brick & Tile Company in transferring the assets of said corporation to said partnership of Ladson Lumber Company. Petitioner further alleged, that the assets taken over by the defendants from the Ladson Brick & Tile Company consisted of personal property; that the amount thereof or exact nature and kind thereof were not known to petitioner, but a large portion of galvanized sheet-metal roofing, sold by petitioner to said corporation, of the value of more than $500, was taken over by the defendants and applied to their own personal use and enterprises; that a large quantity of brick so sold, of the value of $1000, was likewise taken over by the defendants and converted to their own use; and that a shotgun which was among the assets of said corporation, of the value of more than $250, was taken over by said defendants and applied to their own use. On information and belief petitioner says a great deal more

of the assets of said corporation were converted by the defendants and applied to their own use and enterprises. The petition alleges that it is brought "for and in behalf of itself and all other general creditors of Ladson Brick & Tile Company, and seeks to recover for the benefit of itself and such other creditors who may intervene the value of all the assets of said Ladson Brick & Tile Company which were taken over and converted by the defendants."

The Ladson Brick & Tile Company demurred to said petition, on the grounds: (1) that there is no equity therein; (2) that it sets forth no cause of action; (3) that the cause of action, if any, is in the trustee in bankruptcy of the Ladson Brick & Tile Company, and not in plaintiff; (4) that, the suit being in equity, the petition should be dismissed because it is not sworn to as required by law. There are various grounds of special demurrer. The petition was afterwards duly verified.

The court sustained the third ground of demurrer, and dismissed the petition, on the ground that the right to bring this action was in the trustee in bankruptcy of the Ladson Brick & Tile Company, and not in the petitioner. To this judgment the petitioner excepted. This exception presents the sole question for decision raised by the main bill of exceptions. In the cross-bill of exceptions, the Ladson Brick & Tile Company alleges that the court erred in not sustaining its demurrer on all grounds thereof.

1. Where the officers, directors, or sole managers of an insolvent corporation obtain a preference or advantage by acquiring its entire assets in extinguishment of a demand against it held by a partnership of which such officers, directors, or managers are members, will an action lie in the name of a creditor, who sues in his own behalf and in behalf of all other common creditors, against the corporation, and such officers, directors, or managers, in which the suing creditor seeks to recover judgment upon an indebtedness of the corporation to him, and to have such assets applied to its payment, the insolvent corporation having been adjudged a bankrupt prior to the institution of the action; or will such action lie only in the name of the trustee in bankruptcy of such insolvent corporation? In *Lowry Banking Co.* v. *Empire Lumber Co.,* 91 *Ga.* 624 (17 S. E. 968), this court held that the directors of an insolvent corporation hold its assets as trustees for the benefit of its creditors, and that they are precluded by their

trust from securing to themselves by their official action any preference or advantage over other creditors. The principle enunciated in that case has been codified. Civil Code (1910), § 2222. In determining whether or not this action could be brought only in the name of the trustee, we must consider the nature of the liability created by this section, and decide whether it is an asset of the corporation, or one due directly to creditors. This section requires the directors of a corporation, when it becomes insolvent, to manage its remaining assets for the benefit of its creditors. With plausibility it may be said that this section makes the directors trustees for the creditors and puts the title to such assets in them as such trustees; and that when, in violation of their duty as such trustees, the directors acquire a preference or advantage, they become directly liable to creditors, who can enforce this liability by action in their own name. Under such circumstances it may be said that the directors lose their primary character of trustees of the corporation and its stockholders, and become trustees solely of the creditors. We think this would be carrying the provision of this section beyond its true meaning. We do not think that title to the assets of a corporation, when it becomes insolvent, passes from the corporation to its directors as trustees for creditors. Upon the insolvency of a corporation, the assets of the corporation become impressed with a trust in favor of the creditors, but this does not give any lien on such assets or title thereto to creditors. Under such circumstances, the directors primarily represent the corporation and its stockholders, but in discharging this duty to the corporation and its stockholders they are bound to manage its assets for the benefit of its creditors. This state of affairs does not strip the corporation of its assets and give them to creditors. This section simply requires the directors to manage these assets of the corporation for the benefit of its creditors, and makes the directors liable to creditors for any breach of this duty. In construing section 2220 of the Civil Code of 1910, which makes persons who organize a corporation and transact business in its name, before the minimum capital stock has been subscribed, liable to creditors to make good such minimum capital stock with interest, this court held that the right of action to enforce such liability was not in the trustee in bankruptcy, but in the creditors. *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.*

174 (73 S. E. 13). This ruling was based upon the fact that "the liability imposed by the statute constituted no part of the assets of the corporation." In other words, the liability under that section is payable to the creditors, and not to the corporation. The corporation could not recover on such liability. Applying this principle, this court held that "a receiver of a corporation could not maintain a suit against persons falling within the provisions of § 2220 of the Civil Code, to collect from them, as an asset of the corporation, an amount necessary to pay the outstanding debts of the corporation." *Rigbers* v. *Hathcock,* 138 *Ga.* 120 (74 S. E. 834) ; *Wells* v. *DuBose,* 140 *Ga.* 187 (78 S. E. 715). So the liability under section 2220 is an asset due creditors. The assets of an insolvent corporation which has been mismanaged by its directors, whereby they as creditors of the corporation which they control have acquired a preference or advantage over its other creditors, are still assets of the corporation, but impressed with a trust in favor of the creditors who have been injured by such illegal action of the directors. Such a preference or advantage will stand upon the same footing as a fraudulent conveyance of its property by the corporation. In such a case this court has held that the right to have property so conveyed is in the trustee in bankruptcy; and individual creditors can not maintain a suit to have the void conveyance canceled and the property brought to sale to satisfy their demands, without showing that they have moved in the bankruptcy court to have the trustee proceed against the property, or that he has refused to take steps to subject the same and administer it as a part of the bankrupt's estate. *Beasley* v. *Smith,* 144 *Ga.* 377 (87 S. E. 293) ; *Wright* v. *Ehrlich,* 146 *Ga.* 400 (91 S. E. 412). This is in accord with the provisions of the bankrupt act of 1898, and the decisions of the Federal courts construing them. Section 67(e) declares that all conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or encumbered, as aforesaid, shall, if he be adjudged a bank-

rupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. This provision further declares that "all conveyances, transfers, or incumbrances of his property, made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District in which such property is situate, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt." Bankruptcy act of 1898, § 67(e), 1 Fed. Stat. Ann. (2d ed.) 1122, U. S. Comp. St. § 9651; Bankruptcy Laws of U. S. 33-34, § 69(e).

Section 72(a) of the bankrupt act provides that "The trustee of the estate of a bankrupt, upon his appointment and qualification, . . shall in turn be vested by operation of law with the title of the bankrupt . . to . . (4) property transferred by him in fraud of his creditors." Section 72(e) declares that "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication." Bankruptcy Laws of U. S., pp. 35-36, §§ 72(a), 72(e). Under these provisions of the bankrupt act, the title to property of an insolvent corporation, acquired by the preference or advantage denounced by section 2222 of the Civil Code, upon the adjudication of such corporation as a bankrupt, and upon the appointment and qualification of the trustee, vests in such trustee, who is authorized to recover and reclaim it for the benefit of creditors. Stellwagen v. Clum, 245 U. S. 605 (38 Sup. Ct. 215, 62 L. ed. 507). This right of the trustee is exclusive, and a creditor can not file a creditor's bill for the purpose of recovering property so conveyed or transferred. *Wright* v. *Ehrlich,* supra; Glenny v. Langdon, 98 U. S. 20 (25 L. ed. 43); Trimble v. Woodhead, 102 U. S. 647 (26 L. ed. 290).

2. The petition does not disclose that a trustee of this bankrupt had been appointed and qualified; and it may be said that in view of this fact the present action by the creditor will lie. We think the burden rested on the plaintiff of making out a case which would entitle it to maintain this suit. The petition alleges that the corporation had been adjudged a bankrupt. If, in the absence of the appointment and qualification of a trustee, a creditor could institute this proceeding, we think the petitioner should have alleged that no trustee had been appointed and qualified. After alleging that the corporation had been adjudged a bankrupt, the petitioner should have gone further and negatived the fact of the appointment and qualification of a trustee. By analogy to the principle that heirs at law can not maintain ejectment to recover lands of their ancestor, title to which descends to them upon his death, without alleging and proving that there has been no administration upon the estate of the ancestor, or that, if there had been administration, the administrator had been discharged before the action was brought, or else that the administrator, if in office when the suit was brought, had consented to the bringing of the action (*Crummey* v. *Bentley,* 114 *Ga.* 746, 40 S. E. 765), and as the primary right to maintain this proceeding is in the trustee of the bankrupt, we think the plaintiff should have alleged that no trustee had been appointed, or, if one had been appointed, that he had been discharged before the institution of this suit. Failing to make this showing, his petition failed to set out a cause of action; and the trial judge did not err in sustaining the demurrer thereto.

3. This renders it unnecessary to pass upon the assignments of error embraced in the cross-bill of exceptions.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur.*