SIMS *v.* WRIGHT *et al.; et vice versa.*

Nos. 14419, 14420.   February 9, 1943.   Rehearing denied March 11, 1943.

*T. B. Higdon* and *E. H. Sheats,* for plaintiff.

*A. J. Henderson* and *G. B. Walker,* for defendants.

ATKINSON, Justice. The plaintiff's judgment was more than four months old. It was a lien on all the property owned by Wright at the time of filing his petition in bankruptcy. The discharge in bankruptcy terminated all personal liability, but did not affect the lien which had attached to the property before filing the petition in bankruptcy. There being no waiver of homestead in-

volved in the suit upon which the judgment is based, the homestead set apart to W. T. Wright in the bankruptcy court was superior to the judgment; but other property he owned at the time of filing his petition in bankruptcy, not covered by superior liens, was subject to the lien of this judgment. *McBride* v. *Gibbs,* 148 *Ga.* 380 (96 S. E. 1004).

At the time Wright went into bankruptcy he had an equity of redemption in certain lands, subject to loan deeds. His homestead set apart in the bankruptcy court included certain personal property, and an interest in his equity of redemption "not to exceed the sum of $700." Any equity in these lands over and above $700 was subject to the judgment held by Mrs. Sims. If the loan deeds held by the Roswell Bank were fraudulent, and could be set aside and canceled, it would enure to the benefit of the judgment creditor, as this would correspondingly increase the value of the property to which the judgment lien would attach.

In her suit seeking to have these deeds set aside Mrs. Sims did not make the trustee in bankruptcy a party plaintiff; nor is there any allegation in the pleadings showing that a motion was made to require the trustee in bankruptcy to become a party plaintiff. "The trustee of the estate of a bankrupt . . shall be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy." Bankruptcy act of 1938, § 70 a, 11 U. S. C. A. § 110 a. "The trustee's right to maintain an action to set aside a fraudulent conveyance made by the bankrupt is exclusive; a creditor of the bankrupt can not maintain such a suit, at least unless he makes the trustee a party thereto." 6 Am. Jur. 657, § 243. "All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whomever may hold or have received it." Bankruptcy act of 1938, § 70, e 2. 11 U. S. C. A. § 110, e 2.

"Where one conveys his property to another under circumstances which render the conveyance void, and shortly thereafter is adjudicated a bankrupt, the right to have the property referred to brought to sale as a part of the assets of the bankrupt's estate is in the

trustee in bankruptcy; and individual creditors can not maintain a suit to have the void conveyance canceled and the property brought to sale to satisfy their demands, without showing that they have moved in the bankruptcy court to have the trustee proceed against the property or that he has refused to take steps to subject the property and administer the same as a part of the bankrupt's estate." *Wright* v. *Ehrlich,* 146 *Ga.* 400 (91 S. E. 412). See *Hall Hardware Co.* v. *Ladson Brick & Tile Co.,* 160 *Ga.* 341, 346 (127 S. E. 754); *Beasley* v. *Smith,* 144 *Ga.* 377 (4) (87 S. E. 293); Gilbert's Collier on Bankruptcy, 1115, § 1395; Ruhl-Koblegard Co. v. Gillespie, 61 W. Va. 584 (56 S. E. 898, 10 L. R. A. (N. S.) 305, 11 Ann. Cas. 929). The plaintiff insists that this rule does not apply to a judgment creditor, and in support of this contention cites numerous decisions, none of which are sufficiently applicable to control the present case. The decision in Connell *v.* Walker, 291 U. S. 1 (54 Sup. Ct. 257, 78 L. ed. 613), in effect holds that the bankrupt alone could not have a suit dismissed, "since such dismissal would cut off the trustee's right to have the lien preserved." In the present case the lien of the judgment creditor can not be affected by the dismissal of this suit. The cases of Straton *v.* New, 283 U. S. 318 (51 Sup. Ct. 465, 75 L. ed. 1060); Metcalf *v.* Barker, 187 U. S. 165 (23 Sup. Ct. 67, 47 L. ed. 122); Pickens *v.* Roy, 187 U. S. 177 (23 Sup. Ct. 78, 47 L. ed. 128), are not in point. They dealt with the question of jurisdiction, as between the State courts and the bankruptcy courts.

There are cases where the creditor can, notwithstanding bankruptcy of the debtor, continue the proceedings in his own name; but they are instances that embrace enforcement of liens not invalidated or avoided by the bankruptcy act, for enforcement or foreclosure of which proceedings in a State court have been instituted before commencement of proceedings in bankruptcy, and where the custody of the res is in the State court. Many cases cited by the plaintiff as authority for her contention that she can maintain this suit in her own name, and that the trustee is not a necessary party, are instances within the foregoing exception to the general rule. The rule denying creditors the right to maintain suits in their names (*Wright* v. *Ehrlich,* supra) covers also judgment creditors. In support of this see Re Gray, 47 App. Div.

554 (62 N. Y. Supp. 618, 3 Am. Bankr. R. 647); In re Charles D. Adams, 1 Am. Bk. R. 94; In re Leo L. Heyn, 50 Am. Bk. R. 632.

There is no allegation in the petition as to the value of the equity of redemption in this land. If the deeds to the Roswell Bank should be canceled and the value of the equity in all the lands should exceed the amount of the judgment of Mrs. Sims, plus $700 of the equity set apart as a homestead to the bankrupt, then the balance would have to be distributed in the bankruptcy court to the other creditors in accordance with their priorities. The title to this equity being vested in the trustee, it would be his duty to administer the funds, if any, which were in excess of the judgment and the homestead. The trustee is a necessary party for another reason. If this suit should proceed to judgment without the trustee in bankruptcy being made a party plaintiff, and subsequently the trustee should institute a similar suit, it is doubtful if the Roswell Bank could sustain a plea of res judicata, as the suits would not be between the same parties or their privies. Yet, if the trustee is made a party plaintiff, the defendants could not prevail in a plea of res judicata, as the interest of all the creditors would be represented by the trustee. Rules of procedure should, so far as possible, be framed with a view of terminating litigation.

In view of the foregoing it is not necessary to pass upon the other questions raised.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*