21727. TUTEN et al. v. ZETTEROWER et al.

CANDLER, Justice. On February 2, 1960, C. W. Zetterower, Janie Jones and Sue Z. Proctor filed an equitable action in the Superior Court of Chatham County against H. W. Tuten, Lila A. Tuten and Tuten Terrace, Inc., all residents of Florida. Their petition alleges: Petitioners became the holders and owners of a promissory note for $25,000 which H. W. Tuten and B. E. Tuten gave W. L. Zetterower, their father, on March 8, 1951, which provides for the payment of interest at the rate of 7% per annum from date. When such note was given, H. W. Tuten owned an undivided one-half interest in a certain tract of land in Chatham County which he later and on September 14, 1955, conveyed to Lila A. Tuten, his wife, for the recited consideration of "natural love and affection." H. W. Tuten also conveyed to Lila A. Tuten his personal automobile in an effort to avoid payment of the aforementioned note. H. W. Tuten and Lila A. Tuten applied for and obtained a Florida charter for Tuten Terrace, Inc. Lila A. Tuten is the president of and the principal stockholder in such corporation, and H. W. Tuten owns none of its stock. On January 31, 1957, H. W. Tuten, for no consideration, transferred and assigned to Tuten Terrace, Inc. a security deed which Viola Curry had given him on November 21, 1946, which conveyed to him certain lands in Chatham County. On June 15, 1958, petitioners obtained a judgment in the Superior Court of Chatham County against H. W. Tuten for $25,000 and $10,995.33, as principal and interest then due on the note he had previously given their father, W. L. Zetterower. The conveyances and assignment mentioned above were each made without any consideration therefor and by them H. W. Tuten disposed of all his property and thus became insolvent. The petition prays for service by publication; for cancellation of the property conveyances and assignment made by H. W. Tuten; and that title to the property so conveyed and assigned by H. W. Tuten be decreed in him. On March 31, 1960, the defendants filed a plea in which they questioned the jurisdiction of the court to grant the relief sought on the grounds that they were nonresidents of Georgia; that plaintiffs by their suit were seeking a personal judgment against them; and that the Superior Court of

Chatham County was without power to render such a judgment against them on service by publication only. On petitioners' motion therefor their plea was stricken. On July 6, 1960, the defendant H. W. Tuten filed a plea in which he averred that he was adjudicated a bankrupt in the Southern District of Florida on March 23, 1960; that petitioners' claim against him is provable and dischargeable in bankruptcy; that their claim against him was listed and they were duly notified of such proceeding; that no objections were made to his discharge; and that he was discharged on June 2, 1960. A motion to dismiss this plea on the ground that it constituted no defense to the petitioners' cause was sustained by the trial judge. On October 3, 1961, the defendants answered the petition by admitting some of its allegations, denying others, and averring that all of the property conveyed and assigned by the instruments which the petitioners sought to cancel belonged to Lila H. Tuten and for that reason should not be subjected to the payment of petitioners' judgment against H. W. Tuten, her husband. On motion therefor their answer was stricken on the ground that it was not filed within the time provided by law. On May 7, 1962, the petitioners moved for final judgment on the following grounds: First, the case was then and had been in default since all of the pleas interposed by the defendants were stricken on March 22, 1962; and second, since the time for opening the default had long since expired, the petitioners were, under the provisions of *Code Ann.* § 110-401, entitled to a judgment by default as if every item and paragraph of their petition were supported by proper evidence. On March 15, 1962, the court entered a decree granting all of the relief sought by the petitioners. The defendants excepted and assigned error on the final decree and three antecedent rulings. *Held:* ·

1. By one judgment rendered on March 22, 1962, the court struck the defendants' plea to the jurisdiction, the defendant H. W. Tuten's plea of bankruptcy, and the defendants' answer to the petition. These rulings will be disposed of in the order of their statement.

(a) *Code* § 81-205 declares: "Where any nonresident . . . shall claim or own title to or an interest, present or contingent, in any real or personal property in this State, service on such nonresident . . . owner or claimant may be made by pub-

lication in cases affecting such property where proceedings are brought. . . 2. To cancel or set aside deeds, mortgages, liens, or incumbrances thereon." See *Harris v. Palmore,* 74 Ga. 273; *Hale v. Turner,* 185 Ga. 516 (195 SE 423), and the several cases there cited, where the above Code section was applied. But in the instant case the defendants, prior to the date on which the court ruled on their plea which raised the question of the court's jurisdiction to grant the relief prayed for, filed an answer to the merits of the petition without any averment or statement that it was filed subject to their plea to the court's jurisdiction or other express protestation of the court's want of jurisdiction. By so doing, they voluntarily submitted themselves to the jurisdiction of the court and thereby vested the court with jurisdiction to render a personal judgment against them as nonresidents of the State for all of the relief sought. *Moulton v. Baer,* 78 Ga. 215, 218 (2 SE 471); and *High v. Padrosa,* 119 Ga. 648 (46 SE 859). Compare *Piggly-Wiggly Georgia Co. v. May Investing Corp., Inc.,* 189 Ga. 477 (2) (6 SE2d 579) and the cases there cited. Hence, there is clearly no merit in the contention that the Superior Court of Chatham County was without jurisdiction to grant the equitable relief sought against such nonresident defendants; and this is true whether service was perfected by publication or not. *Code* § 81-503.

(b) The plaintiffs obtained their judgment against the defendant H. W. Tuten on June 15, 1958. Tuten filed a petition in bankruptcy on March 23, 1960, and obtained his discharge on June 2, 1960. Since their judgment was more than four months old when Tuten was adjudicated a bankrupt, it was a lien on all property owned by him when his petition in bankruptcy was filed. While his discharge in bankruptcy terminated all personal liability or legal obligation to pay the plaintiffs' judgment, it did not affect the lien by judgment which had attached to his property before he filed his petition in bankruptcy. As authority for this ruling, see *Tattnall Bank v. Smith,* 192 Ga. 89 (2) (14 SE2d 685), and the cases there cited; *Sims v. Wright,* 195 Ga. 562 (24 SE2d 663); and 11 U.S.C.A. § 107. Hence there is no merit in the contention that the trial judge erred in striking the defendant H. W. Tuten's defense of bankruptcy. The record in the instant case shows that no trustee was appointed in Tuten's bankruptcy

proceeding. This being true, it is settled that plaintiffs' right to continue prosecuting their pending suit to cancel the instruments here involved was unaffected by Tuten's bankruptcy proceeding. See *Sims v. Wright,* supra.

(c) *Code Ann.* § 110-401 provides: "If any case is not answered on or before its appearance day [which is 30 days after service of the petition and process], such case shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default after the expiration of such period of 15 days, the plaintiff, at any time thereafter shall be entitled to verdict and judgment by default as if every item and paragraph of the petition were supported by proper evidence, and his claim, allegation or demand may at any time thereafter be tried without the intervention of a jury unless the suit is one for unliquidated damages. . ." In the instant case the petition was filed on February 2, 1960, and no answer to the merits of the plaintiffs' cause was filed until October 3, 1961; and, since no order extending the time for filing an answer was obtained, the plaintiffs' motion to strike the answer on the ground that it was not filed within the time allowed by law was properly granted. See *Buchanan v. Treadwell,* 213 Ga. 155 (97 SE2d 705).

2. Under the rulings made in the preceding division of this opinion, it necessarily follows that the final judgment is not erroneous as defendants contend.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1962—DECIDED JULY 16, 1962—
REHEARING DENIED JULY 23, 1962.

*Aaron Kravitch,* for plaintiffs in error.
*Brannen, Clark & Hester,* contra.