*Hardeman, Jones, Callaway & Johnston,* for plaintiffs in error.  *G. H. Williams* and *Hines & Jordan,* contra.

---

· JOHN V. FARWELL COMPANY *et al. v.* JACKSON STORES *et al.*

FISH, C. J.   1.  An equitable petition was brought by a number of creditors of an insolvent corporation, in behalf of themselves and all other creditors of the corporation who might intervene as plaintiffs in the case, against the corporation and several individuals who, as alleged, organized the company and transacted business in its name before the minimum capital stock had been subscribed for, praying for judg-

ments against all the defendants, and seeking to require the individual defendants, who it was alleged organized the defendant corporation and transacted business in its name before the minimum capital stock had been subscribed for, to jointly and severally make good the minimum capital stock with interest (under the provisions of the Civil Code, § 2220), to the extent of the total sum of all of the indebtedness due the creditors of the company; it appearing from the petition that such indebtedness was less than the difference between the amount of stock actually subscribed for, and the minimum capital stock of the company. *Held,* that the petition was not subject to general demurrer; nor to special demurrers on the grounds of misjoinder of parties plaintiff and defendant, and of misjoinder of causes of action, in that it sought to recover of defendants distinct and independent claims of separate and distinct plaintiffs. *Hill & Merry v. Jackson Stores,* ante, 174 (73 S. E. 13); *Horner v.* Henning, 93 U. S. 228 (23 L. ed. 879), and cases cited thereon in Rose's Notes U. S. R. 498, and 1 Sup. Rose's Notes U. S. R. 1207; *Burns v. Beck,* 83 *Ga.* 471 (10 S. E. 121). See also, *Ellis v. Pullman,* 95 *Ga.* 445 (22 S. E. 568); *Commercial Bank v. Warthen,* 119 *Ga.* 990 (47 S. E. 536).

2. Where the corporation had been adjudged a bankrupt and proceedings in bankruptcy were pending, the right of action referred to in the preceding note was not in the trustee in bankruptcy. Bankruptcy act of July 1, 1898, c. 541, § 70 (a), 30 Stat. 565 (1 Fed. Stat. Ann. 697, U. S. Comp. St. 1901, p. 3451). The liability imposed by the statute constituted no part of the assets of the corporation. See *Lane v. Morris,* 8 *Ga.* 468 (7); In re Crystal Bottling Co., 3 Am. B. R. 194 (96 Fed. 945); In re Beachy Co., 22 Am. B. R. 538 (170 Fed. 825); In re Jassoy Co., 23 Am. B. R. 622 (178 Fed. 515, 101 C. C. A. 641). Section 2249 of the Civil Code, making the individual liability of a stockholder under the charter of the corporation an asset of such corporation, applies to those who have subscribed for stock, and not to the liability prescribed by section 2220, which is a liability to creditors imposed upon organizers of a company who transact business in its name, whether they be actual stockholders or not. This distinction is recognized in *Commercial Bank v. Warthen,* 119 *Ga.* 990, 994 (47 S. E. 536), in commenting on the case of Dutcher *v.* Marine Bank, 12 Blatch, 435 (Fed. Cas. 4203).

3. Persons who organize a company and transact business in its name before the minimum capital stock has been subscribed for, but who afterwards sell and transfer their stock and interest in the company, are nevertheless subject to the liability prescribed by the statute (Civil Code, § 2220), for the satisfaction of debts subsequently contracted by the corporation. See *Walters v. Porter,* 3 *Ga. App.* 73 (3) (59 S. E. 452). The capital stock of a corporation is deemed a trust fund for the payment of its debts. See *Fitzpatrick v. McGregor,* 133 *Ga.* 332, and cases cited on page 342 (65 S. E. 859, 25 L. R. A. (N. S.) 50). The requirement of the statute, that the minimum capital stock of a corporation shall be subscribed for before the organizers thereof shall transact business in its name, is obviously for the purpose of creating a fund, when the subscriptions to the amount of the minimum capital stock shall have been paid, for the ultimate benefit of those who may

extend credit to the corporation; and such persons have the right to presume that the statute has been complied with and to rely, if necessary, upon the statutory liability of those failing to observe the law. Organizers of a company who transact business in its name before the minimum capital stock has been subscribed for are considered as committing a fraud upon those who may extend credit to the company, and the statute imposes a liability upon them for engaging in such fraudulent transaction, and they should not be allowed to escape the statutory penalty for such fraud by disposing of their stock. .

4. The liability imposed by the statute above cited is so far penal in its nature as to require a strict construction. *Banks* v. *Darden,* 18 *Ga.* 318 (3); *Wheatley* v. *Glover,* 125 *Ga.* 710 (5) (54 S. E. 626); 3 Clark & Marshall, Priv. Corp. § 833 (d); 1 Cook, Corp. § 214; Steam Engine Co. *v.* Hubbard, 101 U. S. 188 (25 L. ed. 786); Chase *v.* Chase, 113 U. S. 452 (5 Sup. Ct. 554, 28 L. ed. 1038); Park Bank *v.* Remsen, 158 U. S. 337 (15 Sup. Ct. 891, 39 L. ed. 1008); Brunswick Terminal Co. *v.* National Bank, 192 U. S. 386 (24 Sup. Ct. 314, 48 L. ed. 491).

(a) Accordingly, one who purchases stock in a corporation from one who aided in organizing the same, and who transacted business in its name before the minimum capital stock had been subscribed for, is not liable to creditors of the corporation for the statutory penalty in order to satisfy debts contracted in the name of the corporation, either prior or subsequently to the purchase of the stock. This is true for the reason that, to be liable under a strict construction of the statute, one must both participate in the organization of the corporation, and also transact business in its name before the minimum capital stock has been subscribed for. See, in this connection, *Schley* v. *Dixon,* 24 *Ga.* 273 (7) (71 Am. D. 121); *Fuller v. Rowe,* 57 N. Y. 23; *Windham Prov. Inst. etc.* v. *Sprague,* 43 Vt. 502; *Stafford National Bank v. Palmer,* 47 Conn. 447; *Steam Engine Co.* v. *Hubbard,* 101 U. S. 188 (25 L. ed. 786).

5. In an action brought by the creditors of a corporation to recover on the liability fixed by the statute in question (Civil Code, § 2220), expenses and attorneys' fees for the bringing of the suit are not recoverable as against the defendants. If a fund should be brought into court in such an action, in which creditors other than those bringing the action should participate, then whether such other creditors should be required to pay their proportionate share of the expenses and attorneys' fees for bringing in the fund is a question not made in this case.

6. The petition for a charter for the defendant corporation and the order granting the same are not made parts of the petition in the present case, and therefore, in passing upon the demurrers to the petition, can not be considered.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
DECEMBER 13, 1911.

Equitable petition. Before Judge Martin. Laurens superior court. September 3, 1910.

*Hardeman, Jones, Callaway & Johnston, Ira S. Chappell,* and *Peyton L. Wade,* for plaintiffs in error.

*G. H. Williams* and *Hines & Jordan,* contra.