HAM, executrix, *v.* ROBINSON COMPANY *et al.*

1. The personal representative of a deceased defendant may be made a party by rule, as provided in the Civil Code (1910), § 5601. Where a rule is issued against the executrix of a deceased defendant, and she objects to being made a party on the ground that the rule should not have issued until after the lapse of 12 months from the probate of her testator's will, and, though admitting that she received a copy of the rule by mail, she protests that she was not properly served; and where the hearing occurs more than 12 months after the probate of the will, a judgment making her a party will not be vacated on these grounds, under the circumstances of the case.

2. A statute giving a right of action to creditors against persons who organize a corporation and transact business before the minimum capital stock has been subscribed for is remedial, and not penal; and a cause of action thereunder does not abate with the death of one liable by virtue of the statute.

FEBRUARY 14, 1917.

Motion to make party. Before Judge Pendleton. Fulton superior court. December 20, 1915.

*J. G. Collins* and *Moore & Pomeroy,* for plaintiff in error.

*Hewlett, Dennis & Whitman, Smith, Hammond & Smith, A. E. Wilson, Jerome Simmons,* and *C. L. Collins,* contra.

EVANS, P. J.   A. M. Robinson and others instituted an action against M. M. Ham and others, to recover on debts incurred by the Howard Lumber Company, on the ground that the defendants had organized the company and had transacted business in its name before the minimum capital stock had been subscribed for. At the appearance term the defendants filed pleas to the jurisdiction and to the merits. Before the trial of the case M. M. Ham died testate. Fannie B. Ham probated his will, and, on May 4, 1914, qualified as his executrix. On August 5 following, on motion of the plaintiffs, the court passed an order requiring Mrs. Fannie B. Ham, as executrix of the estate of M. M. Ham, to show cause, on September 7, 1914, why she as such executrix should not be made a party defendant in the case. A copy of this order was mailed to the attorney of record for the defendant. In response to the rule to show cause why she should not be made a party defendant, Mrs. Fannie B. Ham, as executrix of M. M. Ham, filed her response, setting up that the court was without jurisdiction to make her a party, no legal process having been served upon her; that the motion and order to make her a party was received by her

through the mail; that she was exempt from suit and not subject to be made a party defendant until after the expiration of twelve months from the probate of the will of her testator, and then only by scire facias. She further objected to being made a party, on the ground that the action against her testator abated with his death. The motion to make her a party was granted on December 20, 1915. Exception is taken to this judgment.

1. The statute provides that in case a defendant shall die pending a suit, the plaintiff may sue out a scire facias immediately after the expiration of twelve months, from the probate of the will or granting of letters of administration, requiring such executor or administrator to appear and answer to the cause. Civil Code (1910), § 5599. An additional method is authorized by the act of 1895, which is incorporated in the Civil Code (1910), §§ 5601, 5602. There it is provided that when it is necessary or proper to make parties, the judge shall cause a rule to be prepared and signed by him either in term time or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule may be heard in term or vacation. This latter procedure is cumulative to the former and is that followed in the present instance. Inasmuch as the statute (Civil Code, § 4015) exempts an administrator or executor (Civil Code, § 3892) from suit for twelve months after his qualification, and the procedure to make parties by scire facias permits the plaintiff to proceed after the expiration of twelve months from the probate of the will or the granting of letters of administration, it would seem that if the course authorized by §§ 5601 and 5602 be pursued, the motion should be made after the twelve months has expired. This was not done in this case. Nor was a copy of the rule served by an officer or by some other person. Service by mail is not a recognized manner of serving papers of this kind. Nevertheless, as the plaintiff's testator was a party to the original suit and she admits having received a copy of the rule to show cause, and as the order making her a party was entered after the lapse of twelve months from her qualification as executrix, the court will treat the matter of service, under the circumstances, as more a matter of irregularity in form than a defect in substance, and will proceed to consider the other ground of objection.

2. The executrix of the deceased defendant makes the point

that the action against her testator abated with his death. It becomes necessary to inquire into the nature of the liability alleged against her testator, to determine the merits of this contention. Independently of statute, many courts of high repute have adjudged that where persons undertake to organize a corporation and transact business before the corporation comes into legal existence as a de jure corporation by compliance with certain prerequisites, the organizers become personally liable for the debts contracted by the defectively organized corporation. Some place the liability on the suggestion of the court in Lewis *v.* Nicholson, 18 Q. B. 503, that a person contracting without authority as agent of a named principal warrants his authority as such and is liable on such warranty. This doctrine was applied in Farmers' Cooperative Trust Co. *v.* Floyd, 47 Ohio St. 525 (26 N. E. 110, 12 L. R. A. 346), under these circumstances: Certain persons undertook to organize a corporation under the laws of Ohio, and did obtain a certificate of incorporation from the secretary of State. In the certificate the capital stock of the corporation was stated to be $50,000, and yet the organizers chose directors when less than $3000 had been subscribed and less than $2000 had been paid.in, and began to transact business, incurring a large indebtedness in the name of the so-called corporation. Under the law of Ohio the corporate powers, business, and property of corporations formed for profit must be exercised, conducted, and controlled by a board of directors, who can not be chosen until ten per cent. of the capital stock. specified in the articles of incorporation has been subscribed. It was held that persons contracting as directors when less than the required amount of stock had been subscribed, being without authority to create a corporate obligation, were personally liable. See also White *v.* Madison, 26 N. Y. 117. In *Burns* v. *Beck,* 83 *Ga.* 471 (10 S. E. 121), it was held that when the stock of a corporation is not subscribed for up to the minimum amount of capital fixed by the charter and none of it is paid in, if the corporators organize, elect themselves officers, proceed to business, contract debts up to and beyond its nominal capital, having paid in nothing whatever, they commit a legal fraud by so doing, and are liable to creditors to make good the minimum capital, should it be necessary to discharge the corporate debts. The liability under the facts of that case was predicated on fraud.

*Howard* v. *Long,* 142 *Ga.* 789 (83 S. E. 852). The legal proposition announced in *Burns* v. *Beck* was subsequently introduced into the code and adopted as statute law, and may be found as § 2220 of the Code of 1910, in the following words: "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." The executrix of the deceased organizer insists that the liability sought to be charged against her testator is statutory, since the ruling made in *Burns* v. *Beck* has been enacted into law by the General Assembly; and that the statute being penal in character, her testator's liability thereunder abated with his death. Is the statute penal? In *Neal* v. *Moultrie,* 12 *Ga.* 104, it was held that in all cases where a statute creates a right of action and recovery in individuals, or a particular class of individuals, such statute is not penal, but remedial. The action in that case was by a creditor against the directors of a bank, and was founded on a clause of the bank's charter prohibiting the incurring of debts by the bank in excess of a certain amount, and making the directors individually liable in case of excess. In discussing this provision of the bank's charter, Nisbet, J., said: "This is something more than a measure of prevention, founded on a policy which looks to the public at large; it is also a measure of individual security, which creates rights in individual citizens; and this is the distinction upon which this case, in our judgment, rests; a distinction founded in good sense and, as I hope to show, upon authority." The national bank act, imposing a legal liability on the directors of a national bank for certain things which they may do, which result in an injury to the bank, its stockholders or creditors, and making the directors liable for the amount of the damage, has been held to be a remedial and not a penal statute. Stephens *v.* Overstolz, 43 Fed. 465; Boyd *v.* Schneider, 131 Fed. 223 (65 C. C. A. 209). We are aware that some courts hold to be penal a statute of the character under discussion. These decisions in the main overlook the differentiating feature pointed out by Nisbet, J., supra, viz.: that the statute does something more than afford a measure of prevention which looks to the public; it creates rights in individuals. An illustrative case is that of Huntington *v.* Attrill, 146 U. S. 657 (13 Sup. Ct. 224, 36 L. ed. 1123). In that case a director of a

corporation chartered in New York made a false oath stating that the whole capital stock of the corporation had been paid in. By the law of New York he became liable for all the debts of the corporation contracted while he was a director. A creditor of the corporation recovered a judgment in New York by force of the statute, and afterwards filed a bill in equity in the circuit court of Baltimore City, Maryland, to enforce the judgment. The Court of Appeals of Maryland held, that the New York judgment, being founded on a penal statute, was not enforceable in Maryland; that such a judgment did not come within the clause of the constitution of the United States by which the judgments of the courts of any State are to have such faith and credit given to them in every court of the United States as they have by law and usage in the State in which they were rendered, because "the courts of no country execute the penal laws of another." On writ of error the Supreme Court of the United States held that "the question whether a statute of one State, which in some aspects may be called penal, is a penal law in the international sense, so that it can not be enforced in the courts of another State, depends upon the question whether its purpose is to punish an offense against the public justice of the State, or to afford a private remedy to a person injured by the wrongful act. A statute making the officers of a corporation, who sign and record a false certificate of the amount of its capital stock, liable for all its debts, is not a penal law in the international sense." A most prominent feature of Civil Code § 2220 is the creation of a right of action in creditors against the organizers of a corporation who foist it upon the public as having been properly and legally organized, and contract debts in its behalf. Clearly the statute is remedial as to giving creditors an additional source from which to collect their debts. So distinctive is this object and purpose that it stamps the statute as one creating rights in others; as remedial and not penal. When the statute was under consideration by this court in another case, it was said: "The liability imposed by the statute above cited is so far penal in its nature as to require a strict construction." *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.* 174, 176 (73 S. E. 13). But this observation was not intended to be a ruling that the statute was penal, but rather that, being in derogation of the common law, it must be strictly construed. This is apparent for the

reason that the above quotation purports to be based on the authority of *Banks* v. *Darden,* 18 *Ga.* 318 (3), which rules that a similar statute was remedial and not penal, but that the remedy, being in derogation of common law, should be strictly pursued. Being convinced that the statute is remedial and not penal, the action falls within the principle that statutory actions against organizers of corporations for debts incurred by the corporation survive against the personal representatives of a deceased organizer, where the statute creating such liability is remedial. See 1 C. J. 212.       *Judgment affirmed. All the Justices concur.*