AMERICAN ICE CREAM MANUFACTURING COMPANY *et al. v.* ECONOMY LAUNDRY COMPANY.

HILL, J. A corporation which had leased a certain building for a term of five years sublet a designated portion thereof for the full term of the lease at a stipulated monthly rental payable in advance at the beginning of each month. The sublease contract provided also that the lessor should supply gas, heat, steam power, etc., concerning which there were further stipulations as follows: "Should party of the first part be unable, at any time, to procure coal, after reasonable efforts, the failure to render said service to party of the second part, consequent upon such inability to procure fuel, shall not render party of the first part liable for such failure." After the tenant had been in possession for some time under the sublease contract, his immediate lessor was adjudicated a bankrupt and his leasehold interest suffered to be terminated, and the tenant was evicted. The sublessor corporation had commenced business before the minimum amount of its capital stock had been subscribed. The subtenant corporation instituted an action against the corporation and the individual subscribers to its capital stock, the petition alleging facts as indicated above, and praying for judgment against the corporation for breach of the contract of lease, and also against the subscribers to the capital stock to the amount of the difference between the stock that had been subscribed for and the minimum amount of stock specified in the charter. Both the corporation and the individual defendants filed general and special demurrers, which were overruled, except in some particulars unnecessary to mention. The defendants excepted. *Held:*

1. The contract of lease was sufficiently certain to be the basis of a suit for damages for a breach thereof whereby the lessee was deprived of its enjoyment. The damages claimed were not too remote or speculative.

2. The claim of the plaintiff for damages was a debt within the meaning of the Civil Code, § 2220, which provides: "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." See *Howard* v. *Long*, 142 *Ga.* 789 (83 S. E. 852).

3. The petition was not subject to general demurrer, nor to special demurrer on the ground of misjoinder of parties defendant, or of causes of action, nor to any of the other grounds of special demurrer which were overruled. *John V. Farwell Co.* v. *Jackson Stores*, 137 *Ga.* 174 (73 S. E. 13).　　　*Judgment affirmed. All the Justices concur.*

No. 863. DECEMBER 12, 1918.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 4, 1917.

*McCallum & Sims,* for plaintiffs in error.

*Dorsey, Shelton & Dorsey,* contra.