28213. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* WALKER.

DECIDED JULY 11, 1940.

*Martin, Martin & Snow,* for plaintiff in error.
*McCullar & McCullar,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The Code, § 56-519, under which the plaintiff brings this action, declares as follows: "It shall be unlawful for any person, firm or corporation to make or cause to be made any fraudulent or false representations as to the form, nature and character of the policy offered for sale, and no person shall sell a different form or character of policy from that which he represents himself as selling, or make any other material misrepresentation as to the benefits accruing under any policy which he sells or offers for sale . . and any premiums paid on such policy may be recovered by such policyholder in any court having jurisdiction thereof." It is a fraud, therefore, under the allegations of the plaintiff's petition, for an insurance company to represent that the contract of insurance entered into contains provisions whereby the policyholder, at the expiration of a certain period, provided the policy is maintained in force, may have the right and privilege of obtaining a loan from the company thereon, and to issue and deliver to such person a policy of insurance which does not contain such provisions; and the person to whom such policy is issued and delivered, and who pays the premiums thereon to the insurance company therefor, may, under the above Code section, recover the premiums so paid from

the insurance company in any court having jurisdiction. In such a case, however, the statute of limitations would commence to run from time the fraud is or should have been discovered by the person paying the premiums, and with whom the contract of insurance was made. 32 C. J. 1238. An action for damages for fraudulent inducement to enter into a contract must be brought within four years after the right of action accrues. Code, § 3-1002; *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Frost* v. *Arnaud,* 144 *Ga.* 26 (85 S. E. 1028).

It appears from the allegations of the petition that the contracts of insurance which the plaintiff contends she entered into with the defendant, because of the fraudulent misrepresentations upon its part that such policies had a loan value, were entered into on September 22, 1930. She contends that after more than five years, when she attempted to obtain a loan on these policies, she discovered that the policies sold to her were not as represented by the defendant, and that she had been defrauded. The present suit was instituted in 1939, almost nine years after these contracts of insurance were entered into. No sufficient reason appears why the plaintiff did not sooner discover the alleged fraud of the defendant. It does not appear that the plaintiff could not read; and even if she could not read, it does not appear that she made any effort to have the policies of insurance read to her. If the plaintiff had read these policies when they were delivered to her, or within a reasonable time thereafter, she would have discovered that the policies had no loan value. It does not appear that there was any conduct on the part of the defendant or its agents tending to prevent the plaintiff from reading the policies of insurance delivered to her, or, if she could not read, any conduct upon their part tending to prevent her from having such policies read and explained to her. Where one negligently fails to read a written contract and relies upon the representations of the other party as to what the contract contains, such negligence is generally fatal to the case of one seeking relief because of misrepresentations of the other party at variance with the terms of the contract, where he was not prevented from reading such contract by any trick or contrivance of the other party. *Chicago Building &c. Co.* v. *Summerour,* 101 *Ga.* 820 (29 S. E. 291); *Johnson* v. *White,* 120 *Ga.* 1010 (48 S. E. 426). It does not appear that the plaintiff could not read, and the petition does not show a legal excuse for

her failure to do so. It affirmatively appears that the plaintiff did not bring suit against the defendant to recover the premiums paid by her under these contracts of insurance, which she claims were induced by fraud on the part of the defendant and its agents, within four years from the time such fraud was or should have been discovered by her had she exercised reasonable diligence.

There does not appear to have been such conduct upon the part of the defendant and its agents as prevented the plaintiff from discovering the fact that she had been sold policies of insurance different in terms from those represented by the defendant's agents as being sold to her. From an inspection of the policies themselves it could have been discovered that they were not the kind of policies which the plaintiff had applied for. The verbal representations by the defendant that these policies were of a kind which the plaintiff applied for, and under which she had a loan value, would not constitute conduct upon the part of the defendant which prevented the plaintiff from discovering the fact that she had not been issued the kind of policies for which she applied, and which the defendant represented were being sold to her. The allegations in the amendment to the petition that the plaintiff "could not have learned of the fraud and trickery by reasonable diligence under her circumstances earlier, and that she has been diligent in every respect and has contributed in no manner to the damages herein complained of," are conclusions not borne out under the facts alleged. It appears that the plaintiff's cause of action, if any, is barred by the statute of limitations. The court erred in overruling the demurrer based upon this ground.

*Judgment reversed. Sutton and Felton, JJ., concur.*