### 39203. BANKERS FIDELITY LIFE INSURANCE COMPANY v. MORGAN.

DECIDED NOVEMBER 17, 1961—REHEARING DENIED
NOVEMBER 30, 1961.

*Sam F. Lowe, Jr.*, for plaintiff in error.
*Hilton & Hilton, L. H. Hilton,* contra.

CUSTER, Judge. ■ A plaintiff seeking to hold a defendant liable for the acts of its agent committed within the scope of the agent's authority may allege such agency simply by stating that

the defendant, acting through its named agent, did the act in question. This allegation is sufficient as against both general and special demurrer. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (2) (58 SE2d 559). The fact that it is also alleged in the petition that the named agents were agents for both the defendant and another corporation in selling applications for the stock options directed to such corporation does not alter this rule. While the two corporations were acting in concert in selling the stock options, the direct allegation that the defendant, through its authorized agents, made the misrepresentations upon which the suit is based is a sufficient allegation of fact, if proved, to bind this defendant.

■ Fraud may consist of a misrepresentation of a material fact as to the subject matter of a contract the actual result of which is to substitute a subject matter different from that which the vendor believed he was purchasing. *Mosely v. Johnson*, 90 Ga. App. 165, 167 (82 SE2d 163); *Crowell v. Brim*, 191 Ga. 288 (1) (12 SE2d 585). This is true whether, as in the *Mosely* and *Crowell* cases, the plaintiff seeks to rescind the contract, or whether, as in the cases of *Aderhold v. Zimmer*, 86 Ga. App. 204 (71 SE2d 270) and *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (16 SE2d 176) he seeks to affirm the contract and recover damages.

■ *Code* § 56-519 in effect at the time of this transaction in 1959, provides as follows: "It shall be unlawful for any person, firm or corporation to make or cause to be made any fraudulent or false representations as to the form, nature and character of the policy offered for sale, and no person shall sell a different form or character of policy from that which he represents himself as selling, or make any other material misrepresentation as to the benefits accruing under any policy which he sells or offers for sale. Any note or other evidence of debt given in consideration of said policy shall be null and void and any premiums paid on such policy may be recovered by such policyholder in any court having jurisdiction thereof."

This Code section provides a statutory remedy by imposing a statutory penalty. Questions of whether it should be given a liberal or strict construction are irrelevant for, where a statute

provides in plain terms for the enforcement of its subject matter there is no room for construction, but the unambiguous language of the statute must be given effect. *Salmon v. Floyd County,* 151 Ga. 313 (106 SE 280). "It is a fraud . . . for an insurance company to represent that the contract of insurance entered into contains provisions whereby the policyholder, at the expiration of a certain period, provided the policy is maintained in force, may have the right and privilege of obtaining a loan from the company thereon, and to issue and deliver to such person a policy of insurance which does not contain such provisions." *Life & Casualty Ins. Co. v. Walker,* 62 Ga. App. 819, 821 (10 SE2d 124). The decision in the *Walker* case (in which the insured was making weekly payments on the policy) is further to the effect that the statute of limitation for bringing an action under *Code* § 56-519 is under *Code* § 3-1002, four years from the time the fraud was or should have been discovered. It thus appears that mere affirmance of the contract by payment of premiums, where the action is in fact brought within four years from the delivery of the policy, is not sufficient to prevent the plaintiff from suing to recover the premiums paid on the ground that such plaintiff did not exercise due diligence in ascertaining the fraud and repudiating the contract at the time of delivery. The statute does not require, as in cases of rescission for fraud (*Dunn v. Citizens & Southern Co.,* 47 Ga. App. 600 (1), 171 SE 170) that the benefits of the contract be promptly restored, nor that if the contract be affirmed the measure of damages be the loss actually sustained by the plaintiff. The penalty for the misrepresentation is that any obligation of the plaintiff to pay be voided, and his premiums be returned, regardless of whether or not he has received benefits under the policy issued. Since the purpose of former *Code* § 56-519 is to place on insurance companies a direct penalty for statements of their agents declared therein to be unlawful, the company cannot, merely by inserting in its contract a provision that it is not to be bound by the acts of such agents, relieve itself from the effect of the law, regardless of whether the contract so written was accepted by the insured or not. "Not even estoppel can legalize or vitalize that which the law declares unlawful and void. If so, the conduct of individuals,

whether independently or collusively, could render any and all laws invalid and impotent." *Flournoy v. Highlands Hotel Co.*, 170 Ga. 467, 471 (153 SE 26) ; *Code* § 102-106.

The petition set out a cause of action for recovery of premiums based on the agent's fraud in the procurement of the policy of insurance, and was accordingly not subject to demurrer based only on the grounds that it failed to set forth a cause of action and that it showed on its face that the plaintiff was not entitled to recover anything from the defendant.

■ It was conceded in oral argument by counsel for defendant that, if *Code* § 56-519 is applicable and controlling, the allegations of the answer which were stricken on demurrer would afford no defense. Having held that *Code* § 56-519 is applicable, it follows that the court below was correct in sustaining the demurrer to portions of the answer referred to in the statement of facts.

The trial court did not err in overruling the general demurrer to the petition nor was there error in sustaining the demurrer to the portions of the answer to which we have referred.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*