39536. BANKERS FIDELITY LIFE INSURANCE COMPANY v. OLIVER.

DECIDED JUNE 13, 1962—REHEARING DENIED JULY 11, 1962.

*Sam F. Lowe, Jr., Smith, Field, Ringel, Martin & Carr,* for plaintiff in error.

*Hilton & Hilton, L. H. Hilton,* contra.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Devereaux F. McClatchey,* for party at interest not party to record.

HALL, Judge. ■ When this case was previously before this court, it was decided on November 30, 1961, that the plaintiff's petition set out a cause of action under former *Code* § 56-519 for recovery of insurance premiums based on the agent's fraud in the procurement of the policy of insurance. *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894, 899 (123 SE2d 433); *Bankers Fidelity Life Ins. Co. v. Harrison,* 104 Ga. App. 899 (123 SE2d 438); *Bankers Fidelity Life Ins. Co. v. Oliver,* 104 Ga. App. 902 (123 SE2d 440). Defendant's argument that there can be no recovery by the plaintiff under *Code* § 56-519 after the repeal of the statute, effective January 1, 1961, is without merit. This issue existed at the time of the former appeal; the statute had at that time been repealed. It is the law of the case by the previous decision that the plaintiff can recover as provided by that Code section. *Lowe v. City of Atlanta,* 194 Ga. 317, 318 (21 SE2d 171); *Blackwell v. Southland Butane Gas Co.,* 95 Ga. App. 113 (97 SE2d 191); *Langford v. Milhollin,* 201 Ga. 594, 601, 602 (40 SE2d 376).

The third ground of the motion for judgment notwithstanding the verdict, that the written instruments accepted and signed by

the plaintiff show that the plaintiff knew and could not have been under any misapprehension as to what she was getting, was also adjudicated on the former appeal. *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894, 896, 899, supra.

The second ground of the motion for judgment notwithstanding the verdict is: The evidence fails to show that the defendant's agents were authorized to make the alleged misrepresentation, and the defendant could not be liable therefor; but on the contrary the evidence shows that the agents were employed by the defendant under a written agreement only, which specifically provided that the agents had no authority to alter the terms of the company's policies, and that the agent shall not do any illegal act or violate any state insurance law. On the former appeal this court held that the purpose of former *Code* § 56-519 was to make the insurance companies directly liable for statements of their agents declared therein to be unlawful. "The company cannot, merely by inserting in its contract a provision that it is not to be bound by the acts of such agents, relieve itself from the effect of the law, . . . The petition set out a cause of action for recovery of premiums based on the *agent's fraud* in the procurement of the policy of insurance. . ." (Emphasis supplied).

■ The plaintiff's own testimony is sufficient to authorize a finding that the defendant's agents made "false representations as to the form, nature, and character of the policy" sold to plaintiff, which is the essence of plaintiff's cause of action. Whether or not there was proof of the specific representation alleged by plaintiff, that after two years plaintiff could withdraw all sums deposited by her with interest, the evidence authorized a recovery by plaintiff for premiums paid. The first ground of defendant's motion for judgment notwithstanding the verdict, that the evidence did not prove the case presented in plaintiff's petition, and the general grounds of the motion for new trial are without merit.

■ The question whether the plaintiff can recover attorney's fees is raised by several of the assignments of error. Unless the recovery of attorney's fees is expressly authorized by a special statutory provision, the cases in which they can be re-

covered in this State are those within the meaning of *Code* § 20-1404, which provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." The damages allowed under this Code section are compensatory, not punitive or vindictive. *Bowman v. Poole*, 212 Ga. 261 (91 SE2d 770).

While on the former appeal this court stated in its opinion that *Code* § 56-519 "provides a statutory remedy by imposing a statutory penalty" (*Bankers Fidelity Life Ins. Co. v. Morgan*, 104 Ga. App. 894, 897, supra), the action is in reality a "statutory liability" and not a "penalty" since it creates a liability in favor of individuals instead of for the public generally. *Neal v. Moultrie*, 12 Ga. 104, 113; *John V. Farwell Co. v. Jackson Stores*, 137 Ga. 174 (3) (73 SE 13); *Ham v. Robinson Co.*, 146 Ga. 442, 446-447 (91 SE 483). Attorney's fees are not recoverable against a defendant in a suit based upon a "statutory liability." *John V. Farwell Co. v. Jackson Stores*, supra, p. 176.

The plaintiff argues that by the former decision it is the law of the case that attorney's fees are recoverable, and that *Code* § 24-3362 (Rule 62 of the Superior Courts) precludes consideration of this question at this stage of the case. This rule provides that, "After a decision upon one or more grounds [of a motion, objection or exception], no others afterwards urged shall be heard by the court." The decision on the general demurrer, as we have stated in Division 1, is the law of the case only as to any grounds that could have been raised against the sufficiency of the petition *as a whole* to state a cause of action for relief of any kind. The defendant's motion to strike plaintiff's allegations and prayers respecting attorney's fees did not go to the sufficiency of the petition *as a whole* to state a cause of action for relief of any kind.

The trial court erred in overruling defendant's motion to strike plaintiff's allegations and prayers and in allowing plaintiff's amendment respecting attorney's fees, in overruling grounds 2 and 4 of the motion for new trial, and in overruling the fifth ground of the motion for judgment notwithstanding the verdict.

A decision on the fourth ground of the motion for judgment notwithstanding the verdict therefore becomes unnecessary.

■ Special ground 3 of the motion for new trial complains of an instruction to the jury permitting them to award interest on the premiums paid by the plaintiff, on the ground that *Code* § 56-519 does not provide for interest. On the former appeal this court held that the petition set out "a cause of action for recovery of premiums based on the agent's fraud in the procurement of the policy of insurance. . ." *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894, 899, supra. The plaintiff is entitled to interest from the time the "statutory liability" accrued which was the date the premiums were paid. *Burns v. Beck,* 83 Ga. 471 (6), 495-496 (10 SE 121).

■ Special ground 1 of the motion for new trial complains of the refusal of the trial court to strike from the record, on the ground of irrelevancy, the testimony of two witnesses, to whom the defendant's agents, according to the witnesses' testimony, had made representations like those the plaintiff alleges the same agents made to her; and the testimony of a third witness, the school principal, to the effect that the agents offered him some stock in the company if he would recommend their profit-sharing plan.

The defendant argues that the question of intent is not involved in the violation of *Code* § 56-519. The former opinion states: "The petition set out a cause of action for recovery of premiums based on the agent's fraud in the procurement of the policy of insurance. . ." The court discussed what constitutes "fraudulent or false representations" within the statute. It did not exclude motive and intent as an element of the unlawful act, even if proof of intent is not necessary. Hence the following cases are authority for the admission of the testimony complained of. *Tapley v. Youmans,* 95 Ga. App. 161, 175 (97 SE2d 365); *Deckner-Willingham Lmbr. Co. v. Turner,* 171 Ga. 240, 244 (155 SE 1); *Terry v. Fickett,* 199 Ga. 30, 38 (33 SE2d 163).

The trial court did not err in overruling special ground 1.

*Judgment affirmed on condition that the defendant in error write off from said judgment the sum of $750 awarded as at-*

*torney's fees within ten (10) days from the date the remittitur of this court is made the judgment of the trial court; otherwise reversed. Bell, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I do not concur in the ruling of the majority to the effect that an action under Ga. L. 1912, pp. 119, 124 (the act from which former *Code* § 56-519 was copied) is not for a tort; nor do I agree that this court so held in *Bankers Fidelity Life Ins. Co. v. Morgan*, 104 Ga. App. 894, supra; nor do I agree that the case of *John V. Farwell Co. v. Jackson Stores*, 137 Ga. 174, supra, holds that a judgment for attorney's fees may not be recovered in a suit for a statutory liability because of bad faith and litigiousness. In that case no attorney's fees were sought for bad faith or litigiousness but were sought on another ground. I think that the repealed law created a duty the breach of which was a tort under *Code* § 105-101.

However, I concur in the judgment as to attorney's fees because in my opinion there was no evidence to authorize a finding of bad faith or litigiousness. There is no evidence which tends to show that the insurance company in bad faith contended that its agents were not guilty of the improper conduct charged against them.

## ON MOTION FOR REHEARING.

HALL, Judge. In her motion for rehearing the plaintiff attacks the decision that the basis of an action under *Code* § 56-519 is a statutory liability or penalty. The plaintiff cites *Life &c. Ins. Co. of Tenn. v. Walker*, 62 Ga. App. 819 (10 SE2d 124), in which this court held that the plaintiff's cause of action under *Code* § 56-519, if any, was barred by the statute of limitation, because the facts alleged did not show that the misrepresentations by the defendant's agents prevented the plaintiff from discovering, when the policies were delivered to her or within a reasonable time thereafter, that she had been sold insurance policies different in terms from those represented by the defendant's agents as being sold to her. The court held that an action for fraudulent inducement to enter into a contract must be brought within four years from the time the fraud is or should have been discovered. Concerning the nature of the cause of

action there is an apparent inconsistency of logic between that case and the former decision in the present case. The 20-year statute of limitation is clearly applicable to a statutory liability or penalty. *Code Ann.* § 3-704. It is the law of this case by the former decision that the plaintiff's cause of action was upon a statutory liability or penalty imposed by *Code* § 56-519, and the court did not hold that the plaintiff had any other right to recover for fraud. Were the question of the statute of limitation directly involved in the present case, we would not likely follow the case of *Life &c. Ins. Co. of Tenn. v. Walker*, 62 Ga. App. 819, supra, as we construe *Code* § 56-519 to impose a statutory liability. But what is said in the former opinion in this case concerning the statute of limitation is, of course, dictum.

The defendant has made a motion to assess costs against plaintiff. Since the provision in the decision for writing off from the judgment the sum awarded as attorney's fees will amount to a substantial modification of the judgment in the trial court, the costs of bringing the case to this court are taxed against the plaintiff (defendant in error). *Shaheen v. Kiker*, 105 Ga. App. 692 (125 SE2d 541, 545).

*Rehearing denied. Bell, J., concurs. Felton, C. J., concurs specially.*