## 40181. BANKERS FIDELITY LIFE INSURANCE COMPANY v. DURCINKA.

CARLISLE, Presiding Judge. Plaintiff filed suit against the defendant insurance company seeking to recover sums paid to defendant, presenting proof that defendant, through its agents, made representations to her that the defendant had a profit sharing contract which was being offered to teachers and other professional people, plaintiff being a teacher, and that she could buy 50 shares of stock in the company if she bought the profit sharing contract for $400, which sum was to be paid each year. Receipts from agents of the company and checks written by the plaintiff showed, by entries made by agents of the defendant, that they were given for a profit sharing contract. Plaintiff received for said sums paid a policy of life insurance with an investment feature included in the contract. The defendant offered no evidence. At the trial each party made a motion for a directed verdict at the close of the evidence, and the trial judge directed a verdict in favor of the plaintiff for recovery of the sums paid, with interest.

The defendant made a motion for a judgment notwithstanding the verdict which was overruled by the trial judge, and the case is here upon exceptions thereto. *Held:*

1. This case is controlled by the decisions of this court in *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894 (123 SE2d 433), and *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305 (126 SE2d 887).

2. The demurrers of the defendant to the petition claiming that no cause of action was set forth because *Code* § 56-519, upon which the action was based, had been repealed before the suit was filed, were overruled by the trial judge and are unexcepted to. Such ruling is, therefore, the law of the case. *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305, supra.

*Judgment affirmed. Bell and Hall, JJ., concur.*

DECIDED JUNE 26, 1963.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe, Jr., Ralph H. Hicks,* for plaintiff in error.

*Hilton & Hilton, L. H. Hilton,* contra.