37600.   SECKINGER *v.* RILEY.

Decided April 23, 1959.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, Malcolm Maclean, Spencer Connerat, Jr.,* for plaintiff in error.

*John R. Calhoun,* contra.

QUILLIAN, Judge. The only assignment of error is that the trial judge erred in overruling a general demurrer to the petition. The petition set forth a cause of action and was not subject to the demurrer if according to its allegations the plaintiff Riley was entitled to an accounting with the defendant Seckinger and to a judgment for the sum earned while in the defendant's employ. The contract attached to the petition as an exhibit, clearly and explicitly stipulated that at the end of each fiscal year during the period of the plaintiff's employment there would be a settlement between the parties. This provision is contained in paragraph 2 of the contract. The sixth paragraph of the contract provides that in the event the relationship which the contract created was dissolved by death or mutual consent or by mutual agreement a settlement could be had only upon certain conditions.

The two clauses of the contract conferred upon the plaintiff the right to an accounting under distinct and different circumstances; they are not in conflict and neither in any way modifies or restricts the meaning of the other. In short, each of the clauses stands as though the other were not in the contract, and there is no logical way to construe them together.

That there is no connection between the two clauses of the contract is made obvious and clear by the language employed in each, and this is still more apparent when the contract is read as a whole.

The allegations of the petition that the plaintiff was employed under the terms of the contract; that for a period of more than two years he had served the defendant in the manner provided by the contract; that he had, in rendering the services, earned a considerable sum of money; that the defendant had breached the contract by refusing to account to him at the end of the fiscal year for the money due him, set forth a cause for an accounting and a recovery of such sum as the accounting would show him to be entitled to.

It is equally as apparent that paragraph 6 of the contract does not allude to a settlement to be had upon a dissolution of the contractual relation of the parties except by death or by mutual agreement. It cannot be construed as restricting or nullifying

the plaintiff's right to a general accounting in the event the relationship of the parties terminated by the breach on the part of one of the parties accepted by the other.

Judge Nesbit years ago made the wise observation, "The exclusion of interpretation, where none is needed, may be stated to be, notwithstanding the absurdity which it involves, the first rule of construction." *Neal* v. *Moultrie*, 12 *Ga.* 104, 110. The pronouncement referred to statutes, but it is applicable in the interpretation of contracts.

In the case of *Wolverine Ins. Co.* v. *Jack Jordan, Inc.*, 213 *Ga.* 299, 302 (99 S. E. 2d 95) it is held: "But it is equally well settled that no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such an instance, the language used must be afforded its literal meaning and plain ordinary words given their usual significance, and this rule applies equally as well to insurance contracts as to any other contract." See supporting citations.

Where, as here, there is no conflict or inconsistency in two clauses of a contract, both will be allowed to stand as written.

Where an employer refuses to settle with his employee for wages or salary due for services rendered in compliance with the contract of employment, the employee may by an appropriate action require the employer to settle with him, and recover the amount, which under the terms of the contract of employment he is entitled to have for his services.

The employer's refusal to pay an employee the wages or salary he has earned, is a breach of the contract of employment and tantamount to wrongful discharge of the employee.

In addition to the right to sue for damages, the employee by appropriate action may compel the employer to account for and pay him the amount he had earned when the breach of the contract occurred.

The petition in this case set forth a cause for an accounting and recovery of the amount due the plaintiff for services rendered prior to the time the defendant refused to settle with him. It follows that the judgment overruling the general demurrer must be affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*